**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JULIAN UNGAR-SARGON, *et al.*,[1] | ) | Case No. 06 B 8108 (Jointly Administered) |
| | ) | |
| Debtors. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing: March 10, 2009, at 9:30 a.m. |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on March 10, 2009, at 9:30 a.m., the undersigned shall appear before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge, in the courtroom usually occupied by him, United States Courthouse, 219 South Dearborn Street, courtroom 744, Chicago, Illinois, and then and there present the **Final Fee Application of Blattner, Steinberg, Avrahami as Special Counsel to the Trustee and Request to Limit Notice** a copy of which is attached hereto and herewith served upon you.

Dated: February 18, 2009        Respectfully submitted,

                                **DAVID R. HERZOG, TRUSTEE**


                                By:    /s/ Sarah H. Bryan
                                       One of His Attorneys

                                       Harley J. Goldstein (No. 6256010)
                                       James E. Morgan (Fed. I.D. No. 90785074)
                                       Sarah H. Bryan (No. 6292467)
                                       BELL, BOYD & LLOYD LLP
                                       70 West Madison Street, Suite 3100
                                       Chicago, Illinois 60602-4207
                                       Telephone: 312.372.1121
                                       Facsimile: 312.827.8000

---

[1] The Debtors are: Julian Ungar-Sargon (an individual residing in Illinois); NeuropraXis, P.C. (an Indiana professional corporation); and 270-280 East 90, LLC (an Indiana limited liability company).

463084/E/1

## CERTIFICATE OF SERVICE

I, Sarah H. Bryan, an attorney, do hereby certify that on February 18, 2009, I caused true and correct copies of the **Notice of Motion** and **Final Fee Application of Blattner, Steinberg, Avrahami as Special Counsel to the Trustee and Request to Limit Notice** to be served upon the parties listed on the attached service list via first class U.S. Mail, postage prepaid.

Dated:  February 18, 2009          Respectfully submitted,

**DAVID R. HERZOG, TRUSTEE**

By:  /s/ Sarah H. Bryan
     One of His Attorneys

Harley J. Goldstein (No. 6256010)
James E. Morgan (Fed. I.D. No. 90785074)
Sarah H. Bryan (No. 6292467)
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone:  312.372.1121
Facsimile:  312.827.8000

## SERVICE LIST

Robert R. Benjamin, Esq.
Beverly A. Berneman, Esq.
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, IL 60604
Telephone: (312) 540-7000
Facsimile: (312) 540-0578

David R. Herzog, Esq.
Herzog & Schwartz PC
77 W Washington
Suite 1717
Chicago, IL 60602
Telephone: (312) 977-1600
Facsimile: (312) 977-9936

William T. Neary, Esq.
Office of the United States Trustee
227 West Monroe Street
Suite 3350
Chicago, IL 60606
Telephone: (312) 886-5785
Facsimile: (312) 886-5794

Michael J. Halpin, Esq.
Andrew J. Nelson, Esq.
A Stewart Chapman, Esq.
Pierce & Associates
One North Dearborn
Chicago, IL 60602
Telephone: (312) 476-5174
Facsimile: (312) 346-6146

Michael J. Kalkowski, Esq.
Fisher and Shapiro LLC
4201 Lake Cook Road
First Floor
Northbrook, IL 60062
Telephone: (847) 498-9990
Facsimile: (847) 291-3434

Nathan F. Coco, Esq.
Miles W. Hughes, Esq.
McDermott, Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606
(312) 372-2000
(312) 984-7700

American Express Centurion Bank
American Express Travel Related
Services Co., Inc.
P.O. Box 3001
Malvern, PA 19355
Telephone: (800) 829-6136
Facsimile: (610) 993-8493

America's Servicing Company
c/o McCalla Raymer LLC
1544 Old Alabama
Roswell, GA 30076
Telephone: (770) 643-7200
Facsimile: (770) 643-4176

Barry Chatz, Esq.
Arnstein & Lehr LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606
Telephone: (312) 876-6670
Facsimile: (312)876-0288

Stephen R. Place, Esq.
Lucas, Holcomb & Medrea LLP
300 East 90th Place
Merrillville, IN 46410
Telephone: (219) 769-3591
Facsimile: (219) 756-7409

Jeremy M. Downs, Esq.
Goldberg, Kohn, Bell, Black, et al
55 East Monroe Street
Suite 3700
Chicago, IL 60603
Telephone: (312) 201-3893
Facsimile: (312) 863-7893

Andrew E. Houha, Esq.
Weltman, Weinberg & Reis Co., L.P.A.
10 South LaSalle Street
Suite 900
Chicago, IL 60603
Telephone: (312) 782-9676
Facsimile: (312) 782-4201

Benjamin L. Schneider, Esq.
Quarles & Brady
500 West Madison
Suite 3700
Chicago, IL 60661
Telephone: (312) 715-5111
Facsimile: (312) 715-5155

Miles W. Hughes, Esq.
McDermott Will & Emery LLP
227 West Monroe Street
Suite 4400
Chicago, IL 60606
Telephone: (312) 984-6914
Facsimile: (312) 984-7700

David S. Dordek, Esq.
Dordek Rosenburg & Associates PC
8424 N Skokie Blvd
Suite 200
Skokie, IL 60077
Telephone: (847) 676-9555
Facsimile: (847) 676-2676

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JULIAN UNGAR-SARGON, *et al.*,[1] | ) | Case No. 06 B 8108 (Jointly Administered) |
| | ) | |
| Debtors. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing: March 10, 2009, at 9:30 a.m. |

**FINAL FEE APPLICATION OF BLATTNER, STEINBERG, AVRAHAMI**
**AS SPECIAL COUNSEL TO THE TRUSTEE AND REQUEST TO LIMIT NOTICE**

David R. Herzog, the chapter 7 trustee appointed in the above-captioned bankruptcy cases (the "*Trustee*"), on behalf of Blattner, Steinberg, Avrahami ("*Blattner*"), special counsel to the Trustee, hereby submits this *Final Fee Application of Blattner, Steinberg, Avrahami as Special Counsel to the Trustee and Request to Limit Notice* (the "*Fee Application*"), relating to services rendered and expenses incurred from February 18, 2007 through December 29, 2008 (the "*Application Period*"), and respectfully requests that this Court enter an order awarding Blattner $5,705.20 in reasonable and necessary fees and $120.00 in expenses. Additionally, the Trustee requests allowance of $884 that must be paid as the value-added tax with respect to Blattner's invoice as mandated by Israeli law. In support hereof, the Trustee respectfully states as follows:

---

[1] The Debtors are: Julian Ungar-Sargon (an individual residing in Illinois); NeuropraXis, P.C. (an Indiana professional corporation); and 270-280 East 90, LLC (an Indiana limited liability company).

461512/E/1

1

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

The statutory predicates for the relief requested herein are section 330, 331, 503(b), and 507(a)(1) of the Bankruptcy Code, and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

## BACKGROUND

On July 10, 2006 (the "*Petition Date*"), Julian Ungar-Sargon (the "*Debtor*") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*"). On December 21, 2006, the Court entered an order converting the Debtor's case to a proceeding under chapter 7 of the Bankruptcy Code. The Trustee was appointed on the same day.

On March 13, 2007, this Court entered the *Order Authorizing Chapter 7 Trustee to Retain and Employ Raveh, Schwarrz, Blattner as Special Counsel* for the purposes of transferring certain of the Debtors' real property located in Israel (the "*Israel Property*").[2]

## DISCUSSION AND APPLICABLE STANDARD

Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by . . . any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the

---

2   As the Trustee understands, the name of the law firm changed during the course of this representation.

461512/E/1

2

> service was rendered toward the completion of, an case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

In evaluating this Fee Application, the Court should consider the issues presented, the skill required to perform the real estate services properly, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the professionals involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

## **SERVICES PERFORMED**

An invoice detailing the services rendered and the actual and necessary expenses incurred by Blattner during the Application Period is attached hereto and incorporated herein as <u>Exhibit A</u>.

461512/E/1

3

During the Application Period, Blattner devoted 32.6 hours to these bankruptcy cases and, in so doing, has provided the Trustee with actual and necessary services worth a total of $5,705.20, and has incurred actual and necessary expenses totaling $120.00.[3]

The blended hourly rate of compensation for Blattner's professionals during the Application Period was $175 per hour. Blattner consistently and consciously made every reasonable effort to represent the Trustee in the most economical, efficient, and practical manner possible.

No agreement or understanding exists between Blattner and any other person for the sharing of compensation received or to be received in connection with these bankruptcy cases, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

In particular, Blattner: (i) analyzed legal documents concerning the Israel Property and the legal issues the Trustee faced in connection with a sale of the Israel Property; (ii) drafted power of attorney documents to allow the Trustee to gain access to other documents relating to the Israel Property; and (iii) consulted with the Trustee's bankruptcy counsel and broker regarding sale strategies.

## EXPENSES INCURRED

As set forth on Exhibit A, Blattner incurred actual out of pocket expenses in the amount of $120.00 on account of telephone, mail, fax, and other miscellaneous charges, all of which were necessary and proper in advising the Trustee in this bankruptcy proceeding. Blattner makes no profit on the expenses requested herein, and Blattner charges its private clients for expenses in the exact manner as requested herein.

## BENEFIT TO THE ESTATE

---

3  These amounts do not include the value-added tax of $884 which is mandated by Israeli law.

461512/E/1

4

As this Court is well aware, the Israel Property was (i) the primary asset in the Debtor's bankruptcy case; (ii) central to numerous contested matters; and (iii) a critical component in the negotiations and ultimate settlement reached between the Trustee and the Debtor. Blattner's analysis of the significant Israeli legal issues affecting the Israel Property (including zoning defects and Sarah Ungar-Sargon's interest) and Blattner's advice as to discussions with potential purchasers was critical to the Trustee's ability to properly evaluate the Israel Property in the context of the bankruptcy case. Without Blattner's services, the Trustee would not have been in a position to properly leverage the value of the Israel Property or, alternatively, compel a sale of the Israel Property.

Additionally, the Trustee would like to use Blattner in connection with obtaining a mortgage on the Israel Property to secure the Debtor's obligations under the Settlement Agreement approved by the Court on or about November 19, 2008. Blattner, however, cannot perform any further work without receiving payment on account of services previously performed on behalf of the Trustee.

## **RESERVATION OF RIGHTS**

Blattner and the Trustee reserve the right to correct, amend, or supplement this Fee Application. In particular, it may be necessary to submit an additional application with respect to fees and expenses that may be incurred in connection with providing the Trustee a mortgage on the Israel Property in connection with the Settlement Agreement.

## **NOTICE**

Pursuant to Rule 2002(a) of the Federal Rules of Bankruptcy Procedure, twenty (20) days notice of this Application has been provided to (a) counsel to the Debtor; (b) the office of the United States Trustee; and (c) all parties that have filed requests for service of papers in this case.

Rule 2002(a)(6) of the Federal Rules of Bankruptcy Procedure ordinarily requires twenty-days notice to all creditors of a hearing on a request for compensation or reimbursement of expenses if the request exceeds $1,000.00.  In light of the circumstances of this case, limiting notice is appropriate here.  This Application is being served on those parties which have been most active in the case, and notice to all creditors will only increase costs and not provide any incremental benefit to the estate.

Under the circumstances, notice should be limited to the parties that have been served with this Application as set forth above.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

(a)   allowing and authorizing payment to Blattner for $6,709.20 in reasonable and necessary fees and actual expenses for the period of February 18, 2007 through December 29, 2008; and

(b)  granting such other and further relief this Court deems just and proper.

Dated:  February 18, 2009            Respectfully submitted,

**DAVID R. HERZOG, TRUSTEE**

By:    /s/ Sarah H. Bryan
       One of His Attorneys

       Harley J. Goldstein (No. 6256010)
       James E. Morgan (Fed. I.D. No. 90785074)
       Sarah H. Bryan (No. 6292467)
       BELL, BOYD & LLOYD LLP
       70 West Madison Street, Suite 3100
       Chicago, Illinois 60602-4207
       Telephone:  312.372.1121
       Facsimile:  312.827.8000

461512/E/1

6